**TING LONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–0512–ag.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Ali Manuchehry, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ting Long Chen, a native and citizen of the People's Republic of China, seeks review of the January 2, 2008 order of the BIA, affirming the March 6, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his motion to reopen. *In re Ting Long Chen*, No. A72 183 178 (B.I.A. Jan. 2, 2008), *aff'g* No. A72 183 178 (Immig. Ct. N.Y. City Mar. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion, that opinion becomes the basis for judicial review of the decision of which the alien is complaining. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005) (internal quotations and citations omitted). We review the agency's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

██ We find that the agency did not abuse its discretion in denying Chen's motion to reopen as untimely. An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). There is no time limit, however, for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). Here, the agency properly found that Chen's motion did not qualify for such an exception. Indeed, it is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).

██ The agency also reasonably concluded, contrary to Chen's argument, that *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), did not announce a change in law. *Id.* at 114–15 (remanding for the BIA to consider documents *potentially* demonstrating that Chinese nationals with two or more children would be subject to forced sterilization). Moreover, the agency did not abuse its discretion by declining to consider the evidence of changed country conditions at issue in *Shou Yung Guo*, where that evidence was not in the record. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). Furthermore, we will not remand for consideration of that evidence. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 261–62 (2d Cir. 2007).

Accordingly, because the agency reasonably denied Chen's motion to reopen as untimely, contrary to his argument, it was not required to consider his eligibility for CAT relief. *Cf.* 8 C.F.R. § 1208.18(b)(2). Additionally, as Chen is under a final order of deportation and did not file a timely motion to reopen or demonstrate changed country conditions excusing the untimeliness of his motion, the BIA did not err in concluding that he was not eligible to file a

successive asylum application based on his changed personal circumstances. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).